**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JOSE R. D., [1]

        **Plaintiff,**

   **v.**
                                     **Civil Action 2:25-cv-985**
                                     **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

**OPINION AND ORDER**

Plaintiff, Jose R. D. ("Plaintiff"), brought this matter under 42 U.S.C. § 405(g) seeking

review of a final decision of the Commissioner of Social Security ("Commissioner") denying his

application for period of disability and disability insurance benefits ("DIB"). The Commissioner

subsequently filed a Motion to Dismiss (ECF No. 8.), and Plaintiff responded by filing a

Memorandum in Opposition (ECF No. 9). For the following reasons, the Commissioner's

Motion is **GRANTED**.

          **I.**      **BACKGROUND**

Plaintiff filed a DIB application. On June 21, 2024, an administrative law judge ("ALJ")

denied that application. (Compl., ECF No. 1.) On June 25, 2025, the Appeals Council declined to

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

review the ALJ's unfavorable determination, and thus, it became the Commissioner's final decision. (Compl., ECF No. 1; Mapp Decl., ECF No. 8–1, Ex. 2.)

That same day, the Appeals Council notified Plaintiff of its decision to decline review. (Mapp Decl., ECF No. 8-1, Ex. 2.) That June 25, 2025 letter also informed Plaintiff that he had the right to file a civil action seeking judicial review within 60 days; that the 60-day period for filing a civil action began five days after he received the letter; and that he would be presumed to have received the letter five days after the date on the letter unless he showed otherwise. (*Id.*)

On August 30, 2025, Plaintiff initiated this civil action by filing his Complaint.[2] Defendant moved to dismiss the case as untimely. Although Plaintiff does not dispute that his Complaint was untimely, he contends that he is entitled to equitable tolling. The Court disagrees.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(d) provides that if a party includes, and the Court accepts, evidence in support of a motion to dismiss, the motion "must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P 12(d). If the Court converts a motion to dismiss into a motion for summary judgment, the court must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion."  *Id.*

Because the Commissioner submitted, and the Court relies upon, documents not attached to or referred to in the Complaint, the Court analyzes the Commissioner's Motion under the summary judgment standard. *Id.* Plaintiff had reasonable notice and an opportunity to present material in opposition to the Commissioner's Motion.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

---

[2] Although the Complaint is dated August 29, 2025, the docket reflects that it was not filed with the Court until it was submitted electronically on August 30, 2025.

2

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'The moving party has the initial burden of proving that no genuine issue of material fact exists,' and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (quoting *Vaughn v. Lawrenceburg Power Sys.,* 269 F.3d 703, 710 (6th Cir. 2001)); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. Rule 56(e)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

### III.    ANALYSIS

As previously explained, the parties agree that Plaintiff's Complaint was filed after the deadline. They debate the consequences. Defendant contends that the action should be dismissed;

Plaintiff contends that equitable tolling spares him. The Court concludes that Plaintiff has failed to meet his burden of showing that exceptional circumstances warrant equitable tolling.

**A.    Timeliness**

As a preliminary matter, this action is, indeed, untimely. Section 405(g) of the Social Security Act provides the exclusive means for obtaining judicial review of a final decision of the Commissioner. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . . " ). That section provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C.§ 405(g). The implementing regulations similarly provide that, "[a]ny civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). A claimant is presumed to have received notice of the Appeals Council's denial of request for review five days after the date of the notice, unless the claimant makes a reasonable showing to the contrary. *Id.*

Here, the Appeals Council issued a letter to Plaintiff dated June 25, 2025, notifying him that the ALJ's determination was final. (Mapp Decl., ECF No. 8-1, Ex. 2.) Plaintiff is presumed to have received that June 25, 2025 letter by June 30, 2025. 20 C.F.R. § 422.210(c). Therefore, the 60-day filing period expired on August 29, 2025. Plaintiff, however, concedes that he did not

file his Complaint until August 30, 2025. (Pl.'s Mem. in Opp'n 1, ECF No. 9.) Accordingly, this action is untimely.

**B.      Equitable Tolling**

Plaintiff nevertheless contends that the doctrine of equitable tolling excuse his untimely Complaint. (Pl.'s Mem. in Opp'n 1–2, ECF No. 9.) And where appropriate, equitable tolling applies to § 405(g)'s statute of limitations. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (citing *Bowen v. City of New York*, 476 U.S. 467, 481 (1986)). Plaintiff, however, bears the burden of demonstrating that exceptional circumstances warrant equitable tolling. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). "This is a high hurdle to clear, as 'federal courts sparingly bestow equitable tolling.'" *Id.* (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). In addition, "[t]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560–61. The Sixth Circuit has consistently held that an attorney's mistake or negligence does "not [] rise to the 'extraordinary' circumstances required for equitable tolling." *Jurado v. Burt*, 337 F.3d 638, 644–45 (6th Cir. 2003) ("a lawyer's mistake is not a valid basis for equitable tolling") (quoting *Whalen v. Randle,* 37 Fed. Appx 113, 120 (6th Cir. 2002)). Moreover, "the actions of a privately retained attorney are imputed to the client." *Kellum*, 295 F. App'x at 50 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97 (1993)).

The Sixth Circuit has set forth five factors to consider when determining if equitable tolling is appropriate:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the

petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook,* 480 F.3d at 437 (quoting *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001));

*see also Hykes v. Lew,* No. 16-5509, 2017 WL 4863108, at *2 (6th Cir. Mar. 1,

2017) (citing *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007)). On balance, these five

factors weigh against Plaintiff here.

### 1.    Actual and Constructive Notice

Plaintiff does not allege that he lacked actual or constructive notice of the filing deadline.

(Pl.'s Mem. in Opp'n *ibid*., ECF No. 9.) He does not, for instance, allege that he failed to receive

the June 25, 2025 letter issued by the Appeals Council. Nor does he allege that the letter failed to

explicitly describe the deadline for filing a civil action. To the contrary, the letter expressly

stated that Plaintiff "ha[d] 60 days to file a civil action (ask for court review)" and that he would

be presumed to have "received th[e] letter 5 days after the date on it . . . . "  (Mapp Decl., ECF

No. 8-1, Ex. 2.) The June 25, 2025 letter thus provided Plaintiff with both actual and constructive

notice. *See Flanagan v. Comm'r of Soc. Sec.*, No. 2:20-CV-2130, 2020 WL 7630176, at *4 (S.D.

Ohio Dec. 22, 2020) (citing *Guidry v. Comm'r of Soc. Sec.*, No. 16-47-RLB, 2016 WL 6540450,

at *3 (M.D. LA Nov. 2, 2016) ("The clear language of the regulations and the Notice 'belies any

claim to legal confusion.'")), *adopted and aff'd*, 2021 WL 1851289 (S.D. Ohio May 10, 2021).

This factor, therefore, weighs against equitable tolling.

### 2.    Plaintiff's Diligence

Plaintiff also fails to allege diligence. (Pl.'s Mem. in Opp'n *ibid*., ECF No. 9.) He

emphasizes that his one-day-filing delay was minimal. But he does not, for instance, allege that

he attempted to file his Complaint on or before the due date but was thwarted by circumstances

beyond his control.

Plaintiff also correctly notes that the Appeals Council can extend the deadline to file a complaint upon a showing of good cause. 20 C.F.R. § 404.982. But he does not allege that he sought an extension of time to file his Complaint, or that he had good cause to do so. *See* 20 C.F.R. §§ 404.911(b) (Examples of circumstances where good cause may exist include: serious illness of the claimant or an immediate family member, accidental destruction of records, an inability to find necessary information by the deadline, *etc*.). This factor, therefore, does not weigh in Plaintiff's favor.

3.      Prejudice to Defendant

Plaintiff does not allege a lack of prejudice. He contends that the "Commissioner has identified no prejudice." (Pl.'s Mem. in Opp'n 2, ECF No. 9.) He also suggests that the Commissioner suffered no prejudice because this case was stayed pursuant to district-wide Orders holding in abeyance all cases involving the United States as a party due to the lapse in federal funding appropriations (*aka*, "the government shutdown"). (*Id*.) But that stay began after Plaintiff had already filed an untimely Complaint. The stay did not erase the pre-existing untimeliness or any prejudice associated with it.

Plaintiff also alleges that the one-day-delay was too brief to prejudice the Commissioner. (Pl.'s Mem. in Opp'n 2, ECF No. 9.) But the Sixth Circuit has established that strict adherence to the filing deadline is necessary to ensure the efficient disposition of Social Security appeals. *See Cook*, 480 F.3d at 436. Indeed, in *Cook*, the Sixth Circuit held that a one-day delay was fatal to the plaintiff's claim. "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id.*; *see also Marthey v. Comm'r of Soc. Sec.*, No. 5:12-CV-2759, 2013 WL 5563724, at *5 (N.D. Ohio Oct. 8, 2013) (dismissing social

7

security appeal that was one-day late); *Winkelman v. Comm'r of Soc. Sec.*, No. 3:11-CV-1926, 2012 WL 1684602, at \*2 (N.D. Ohio Apr. 24, 2012) (same), *adopted and aff'd*, 2012 WL 1684597, at \*1 (N.D. Ohio May 15, 2012). In short, deviating from filing deadlines would, generally, prejudice the Commissioner's ability to litigate Social Security Appeals.

In any event, lack of prejudice only becomes a significant factor after a party seeking equitable tolling establishes other factors that justify tolling. *Tracie D. v. Comm'r of Soc. Sec.*, No. 2:21-CV-5726, 2022 WL 1084893, at \*3 (S.D. Ohio Apr. 11, 2022), ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures."), *adopted and aff'd*, 2022 WL 1316435 (S.D. Ohio May 3, 2022) (cleaned up). Here, Plaintiff has failed to establish any other factors that justify tolling.

4.      Reasonableness of Plaintiff's Ignorance About Filing and Deadline Requirements

Finally, Plaintiff does not argue that he was ignorant of the filing or deadline requirements, let alone that any such ignorance was reasonable. This factor also weighs against equitable tolling.

## IV.    CONCLUSION

In sum, the Court finds that Plaintiff's Complaint is untimely because it was filed after the August 29, 2025 deadline. Although there was only a one-day delay, Plaintiff has not alleged that equitable tolling applies. Accordingly, the Commissioner's Motion (ECF No. 8) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*  
CHELSEY M. VASCURA  
UNITED STATES MAGISTRATE JUDGE

8